FILED
Clerk's Office
USDC, Mass.
Date 3-5-04
By /s/
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| ZIPWALL, LLC<br><br>               Plaintiff,<br><br>v.<br><br>C&S MANUFACTURING, INC.<br><br>               Defendant. | Civil Action No.: 04-CV-10079<br><br>District Judge: Robert E. Keeton |

### DEFENDANT C&S MANUFACTURING, INC.'S MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

Defendant C&S Manufacturing, Inc. ("C&S"), by and through its attorneys, hereby makes a limited/special appearance to respectfully request the Court's permission for a two-week extension of time to file a responsive pleading to Plaintiff's Complaint.

On January 14, 2004, Plaintiff ZipWall, Inc., ("ZipWall") filed a Complaint against C&S alleging patent infringement (Count I), trademark infringement (Count II), and Unfair Competition (Count III) relating to C&S's mail order construction product. Plaintiff's contend that they personally served C&S with the Complaint on January 31, 2004. C&S denies proper service of process under Fed. R. Civ. P. 4(c) and 12(b)(5). The Summons required C&S to respond to ZipWall's Complaint within 20 days—by February 20, 2004.

ZipWall faxed a copy of the Complaint and the Return of Service to C&S's attorney on February 12, 2004. In addition ZipWall asked C&S to send ZipWall a sample of the allegedly infringing product as ZipWall filed this lawsuit before obtaining C&S's mail order product.

During the week of February 16, 2004, counsel for C&S contacted counsel for ZipWall and requested a 30-day extension of time to file a responsive pleading. Lead counsel for C&S needed time to review the materials and was scheduled to attend numerous depositions and out

of town meetings over the next 30 days. ZipWall refused C&S's request for a 30-day extension and provided C&S with one week, until February 27, 2004, to respond. After repeated telephone calls to ZipWall requesting more time, C&S finally obtained a 14-day extension until March 5, 2004.

Early this week, C&S decided to file a Chapter 11 bankruptcy petition in the Northern District of Illinois. C&S expects to file the papers with the Bankruptcy Court by March 16, 2004. Rather than spending C&S's money to file responsive pleadings challenging personal jurisdiction in Massachusetts and insufficiency of service of process before the case is stayed in Bankruptcy Court, local counsel for C&S contacted counsel for ZipWall on March 3, 2004, and requested an additional 14-day extension of time to file a responsive pleading. ZipWall animatedly refused to grant an additional exception unless (1) C&S waived any objection to insufficiency of service of process, (2) C&S delivered a sample of the allegedly infringing product to ZipWall (again, which ZipWall did not obtain before filing this lawsuit), (3) C&S agreed to meet with ZipWall within the next 7 days to discuss a preliminary injunction and C&S's responsive pleadings, AND (4) there "will be no more requests for extensions on behalf of C&S." (*See* Ex. A.)

Obviously C&S is not willing to waive its statutory rights to object to jurisdiction and service of process simply to obtain a 14-day extension of time. In addition, in light of C&S's pending bankruptcy filing, C&S does not want to spend additional attorneys' fees to file motions that will become moot after the Bankruptcy Court's automatic stay. Regardless, C&S does not want to be in default on ZipWall's Complaint by failing to timely file a responsive pleading. For these reasons, C&S is forced to request the Court's permission for a 14-day extension of time to file a responsive pleading.

2

Pursuant to Local Rule 7.1, C&S hereby certifies that it has conferred with ZipWall in a good faith effort to resolve this dispute without success.

WHEREFORE, for the above mentioned reasons, C&S respectfully requests the Court to recognize C&S's limited appearance and to grant C&S's Motion For An Extension Of Time To File A Responsive Pleading. C&S shall file a responsive pleading by March 19, 2004.

Respectfully submitted,

Dated: March 5, 2004      Signed:  _____
Lee F. Grossman (Lead Counsel)
Eric P. Martin
Jeffrey M. Drake
GROSSMAN & FLIGHT, LLC
20 North Wacker Drive, Suite 4220
Chicago, IL 60606
Telephone: (312) 580-1020
Facsimile (312) 580-9696

Tina M. Traficanti (Local Counsel)
Alan E. McKenna
ROBINS, KAPLIN, MILLER & CIRESI, LLP
111 Huntington Avenue, Suite 1300
Boston, MA 02199
Telephone: (617) 267-2300
Facsimile: (617) 267-8288

Attorneys for Defendant,
C&S MANUFACTURING, INC.