IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | | |
|---|---|---|
| ZIPWALL, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 04-CV-10079 |
| v. | ) | |
| | ) | District Judge: Robert E. Keeton |
| C&S MANUFACTURING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, C&S Manufacturing, Inc., and answers Plaintiff's complaint as follows:

1. Plaintiff ZipWall, LLC ("ZipWall"), is a Connecticut Limited Liability Company, having a principal place of business at 37 Broadway Street, Suite 2, Arlington, Massachusetts.

**Answer to Paragraph 1:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, Defendant denies the same.

2. On information and belief, Defendant C & S Manufacturing Inc. ("C&S"), is an Illinois Corporation having a principal place of business at 1100 Westfield Way, Mundelein, Illinois.

**Answer to Paragraph 2:**

Defendant admits that the principal place of business of C&S Manufacturing, Inc., is located at 1100 Westfield Way, Mundelein, Illinois. In all other respects, Defendant denies the allegations in Paragraph 2.

3. This action arises under the Patent Laws of the United States, Title 35 of the United States Code, and the common law.

**Answer to Paragraph 3:**

Defendant admits the allegations in Paragraph 3.

4.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer to Paragraph 4:**

Defendant admits the allegations in Paragraph 4.

5.   Venue is Proper before this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**Answer to Paragraph 5:**

Defendant admits the allegations in Paragraph 5.

### Count I (Patent Infringement)

6.   ZipWall repeats and realleges paragraphs 1-5 above.

**Answer to Paragraph 6:**

Defendant hereby restates and incorporates by reference its preceding responses to the allegations in Paragraphs 1-5.

7.   ZipWall is the owner of the United States Patent No. 6,209,615 (the "'615 patent") issued on April 3, 2001, and has the right to sue on the '615 patent. A copy of the '615 patent is attached as Exhibit A.

**Answer to Paragraph 7:**

Defendant admits that United States Patent No. 6,209,615 was issued on April 3, 2001 and that a copy of the '615 patent was attached to the Complaint as Exhibit A. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, therefore, Defendant denies the same.

8.   C&S is marketing and selling goods nationally that are covered, literally or by equivalents, by one or more claims of the '615 patent.

**Answer to Paragraph 8**:

Defendant denies the allegations in Paragraph 8.

9. On information and belief, C&S advertises and sells these goods nationally and exhibits these goods at national trade shows.

**Answer to Paragraph 9:**

Defendant denies the allegations in Paragraph 9.

10. C&S has infringed, and is continuing to infringe, the '615 patent by making, selling, offering to sell, and using within the United States goods covered, literally or by equivalents, by one or more of the claims of the '615 patent.

**Answer to Paragraph 10:**

Defendant denies the allegations in Paragraph 10.

11. C&S is inducing and contributing to infringement by others of the '615 patent, by causing others to make, use, sell, or offer to sell goods covered, literally or by equivalents, by the '615 patent within the United States.

**Answer to Paragraph 11:**

Defendant denies the allegations in Paragraph 11.

12. C&S' infringement of the '615 patent is and has been willful, has caused and will continue to cause ZipWall to suffer substantial damages, and has caused and will continue to cause ZipWall to suffer irreparable harm for which there is no adequate remedy at law.

**Answer to Paragraph 12**:

Defendant denies the allegations in Paragraph 12.

## Count II (Trademark Infringement)

13. ZipWall repeats and realleges paragraphs 1-12 above.

**Answer to Paragraph 13:**

Defendant hereby restates and incorporates by reference its preceding responses to the allegations in Paragraphs 1-12.

14. ZipWall is the owner of the United States Trademark Registration No. 2,296,378 (the "378 registration") for the mark ZIPWALL, as well as common law rights in that mark. A copy of the '378 registration is attached as Exhibit B.

**Answer to Paragraph 14:**

Defendant admits that the United States Patent and Trademark Office lists, on its website, ZipWall as the assignee of United States Trademark Registration No. 2,296,378 and that a copy of United States Trademark Registration No. 2,296,378 was attached as Exhibit B to the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, Defendant denies the same.

15. C&S has misappropriated ZipWall's trademarks, and/or used confusingly similar trademarks, in an effort to trade on the goodwill developed by ZipWall.

**Answer to Paragraph 15:**

Defendant denies the allegations in Paragraph 15.

16. C&S' actions constitute infringement of ZipWall's registered trademark as well as ZipWall's common law trademark rights.

**Answer to Paragraph 16:**

Defendant denies the allegations in Paragraph 16.

17. C&S' infringement of the '378 registration and ZipWall's common law trademark rights have been willful, has caused and will continue to cause ZipWall to suffer substantial damages, and has caused and will continue to cause ZipWall to suffer irreparable harm for which there is no adequate remedy at law.

**Answer to Paragraph 17:**

Defendant denies the allegations in Paragraph 17.

### Count III (Unfair Competition)

18. ZipWall repeats and realleges paragraphs 1-18 above.

### Answer to Paragraph 18:

Defendant hereby restates and incorporates by reference its preceding responses to the allegations in Paragraphs 1-18.

19. ZipWall's trademarks are well-recognized for quality dust control products.

### Answer to Paragraph 19:

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, therefore, Defendant denies the same.

20. C&S offers and provides similar goods and services to the same class of customers as ZipWall.

### Answer to Paragraph 20:

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, Defendant denies the same.

21. C&S' use of nearly identical or confusingly similar trademark and other efforts to associate itself with ZipWall and/or trade on the goodwill of ZipWall constitutes unfair competition in violation of the Lanham Act and the common law.

### Answer to Paragraph 21:

Defendant denies the allegations in Paragraph 21.

22. C&S' unfair competition has been willful, has caused and will continue to cause ZipWall to suffer substantial damages, and has caused and will continue to cause ZipWall to suffer irreparable harm for which there is no adequate remedy at law.

### Answer to Paragraph 22:

Defendant denies the allegations in Paragraph 22.

WHEREFORE, ZipWall, LLC, is not entitled to any relief against C&S Manufacturing, Inc., and this Court should deny all relief sought by ZipWall, LLC.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Non-Infringement of '615 Patent

1. None of Defendant's products have every element, or the equivalent of every element, of any claims of the '615 patent, and thus, neither Defendant nor its customers directly, contributorily, or induce infringement of the '615 patent.

### Second Affirmative Defense: Invalidity of '615 Patent

2. The '615 patent fails to satisfy one or more conditions of patentability set forth in the Title 35 of the United States Code, and thus, one or more claims of the '615 patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense: Non-Infringement of U.S. Trademark Reg. No. 2,296,378

3. There is no likelihood of confusion between any of the Defendant's trademarks and U.S. Trademark Reg. No. 2,296,378 as the marks themselves are not confusingly similar.

Respectfully submitted,

Dated: March 19th, 2004          Signed: /s/ Lee M. Grossman
                                 Lee F. Grossman (Lead Counsel)
                                 Eric P. Martin
                                 Jeffrey M. Drake
                                 GROSSMAN & FLIGHT, LLC
                                 20 North Wacker Drive, Suite 4220
                                 Chicago, IL 60606
                                 Telephone: (312) 580-1020
                                 Facsimile: (312) 580-9696

                                 Tina Traficanti (Local Counsel)
                                 Alan McKenna
                                 ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
                                 111 Huntington Avenue, Suite 1300
                                 Boston, MA 02199
                                 Telephone: (617) 267-2300
                                 Facsimile: (617) 267-8288

                                 Attorneys for Defendant,
                                 C&S MANUFACTURING, INC.