IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZIPWALL, LLC,<br><br>　　　　　Plaintiff<br><br>v.<br><br>C & S MANUFACTURING INC.,<br><br>　　　　　Defendant. | Civil Action No.: 04-CV-10079 (REK) |

## OPPOSITION TO MOTION FOR LEAVE
## TO WITHDRAW FROM REPRESENTATION

　　　　While Plaintiff ZipWall, LLC ("ZipWall") is reluctant to request that the Court keep attorneys in a case when they wish to withdraw, ZipWall is nevertheless compelled to oppose for the present time the motion by Grossman & Flight, LLC, and its local counsel, Robbins, Kaplan, Miller & Ciresi, LLP (collectively "C&S's counsel") for leave to withdraw from their representation of C&S Manufacturing, Inc. ("C&S"). ZipWall requests that the matter be taken up at the scheduling conference set for June 9 and that C&S's counsel be required to remain in the case at least until then.

　　　　As a preliminary matter, C&S has not offered to the Court, or separately to ZipWall, any justifiable reason to request withdrawal. At most, the C&S papers offer a vague assertion of "professional reasons" and state that notice of the motion was mailed to C&S's place of business, but stop short of saying that counsel cannot communicate with their client. As a result, the motion could be denied on this ground alone.

　　　　More important, however, is that C&S has no successor counsel and, under this Court's rules, C&S (as a corporation) cannot act *pro se*. If withdrawal is permitted, therefore, C&S

742583.2

would be unrepresented and this would allow it to further delay; a strategy C&S has consistently followed to date and one that is inconsistent with the first rule of the Federal Rules of Civil Procedure.

ZipWall therefore respectfully opposes the motion for leave to withdraw and requests that the Court take the matter up at the June 9 scheduling conference.

## BACKGROUND[1]

**The Parties.**

Plaintiff ZipWall is located in Massachusetts and makes and sells a patented product under the mark ZIPWALL, in the form of a pole that can be used to hold up temporary plastic partitions to isolate dust during construction. ZipWall has enforced its patent in the past. Most recently, ZipWall filed suit against a company that admitted it had no valid defense. This Court has entered a Consent Judgment in that case, including an injunction barring further infringement. ZipWall, LLC v. KwikPole, Inc., Civ. Action No. 03-11658-REK.

C&S Manufacturing has a principal place of business in Illinois, but sells products nationally. According to C&S's public records, the president of C&S is Willard Strom and the Vice President is Virginia Strom (his wife).

C&S does business nationally and has sold sufficient products in Massachusetts (including to ZipWall) for there to be general personal jurisdiction here. C&S's principal place of business is also the private residence of its president and vice president, Mr. and Mrs. Strom (together the "Stroms").

**Illinois litigation.**

A separate patent litigation against C&S and the Stroms as individuals is also now

---

[1] As C&S did in its motion for extension of time to answer the original complaint, ZipWall offers these facts in the body of this opposition only. At the Court's request, ZipWall will provide support for these facts in the form of documents, affidavits, or testimony.

742583.2                                        2

pending in the Northern District of Illinois, Barnett, et al. v. Strom, et al., No. 1:02cv3747. The Court in Illinois has entered summary judgment of infringement, entered an injunction barring further infringement by all, and recently issued an order to show cause as to why it should not hold the three defendants in contempt for violating that order.

On Monday, March 8th or Tuesday March 9th (immediately after C&S filed a motion for additional time to answer the complaint in this case, claiming that C&S would file for bankruptcy on March 16) a hearing was held in the Illinois case. Counsel for the Illinois Plaintiff has informed the undersigned that, at that hearing, the Illinois Court (Judge Shadur) informed C&S's counsel that the Court would take up the contempt and injunction matters against the Stroms as individuals even if C&S filed for bankruptcy. In other words, the Illinois Court would not allow a bankruptcy proceeding to be used to circumvent its injunction. Counsel for the Illinois Plaintiff also related that, when Judge Shadur inquired about the status of a bankruptcy filing, C&S's lead counsel (Mr. Grossman, the same as lead counsel in the present case) informed the Court that he did not know if a bankruptcy filing would or even could be made – that it was still being considered.

**The dispute between ZipWall and C&S.**

C&S makes a product ("SnapWall") that is used for the identical application as the ZipWall product. C&S markets that product to the same customers to whom ZipWall sells its patented (and registered trademark) ZipWall product. SnapWall is (in ZipWall's view) an inferior product. It is also cheaper. Recently, ZipWall experienced price erosion at a trade show in the form of a specific request for lower prices in order to compete with C&S's product.

Since January 9, 2004, the date the complaint was filed, ZipWall has been trying to have this matter addressed expeditiously.

On January 9, immediately after filing the complaint, ZipWall sent a letter demanding that C&S cease its infringing activity. There is no doubt the letter was received, as C&S's patent counsel replied on January 18, denying infringement.

The complaint was served on January 31, specifically on a woman who answered the door at the Strom's residence on a Saturday morning (no one having been home on Friday). On February 3, a voice mail was left for C&S's patent counsel, stating that the complaint had been served and that ZipWall wished to move for a preliminary injunction if C&S would not cease and desist.

The delay game then began.

On February 18, C&S's counsel requested a 30-day extension of time to answer the complaint, claiming that the complaint had not been properly served (although counsel could not explain what woman had answered the door at C&S's place of business and the primary residence of its husband/wife officers). C&S's counsel also claimed there was no personal jurisdiction (even though C&S had transacted sufficient business with ZipWall for there to be general jurisdiction).

ZipWall agreed to two weeks of extensions (one week at a time, since the client representative was out of town).

On March 3 (near the end of the two week extension), C&S's counsel requested an additional two weeks – essentially the originally requested 30 day extension that ZipWall had declined to agree to because of ZipWall's desire to move for a preliminary injunction. The asserted ground for the request was the recent involvement of local counsel.

ZipWall would not agree to the second extension unless C&S (1) waived insufficiency of service (to avoid the delay of having to re-serve), (2) provided a product sample (ZipWall has

seen pictures of the product and the product itself, but does not possess one), (3) agreed to meet and confer on a preliminary injunction motion, and (4) agreed not to request an additional extension to answer.

Rather than agreeing, C&S filed a motion for additional time on March 9. In its motion papers, C&S stated for the first time that it needed this time so that it could file for bankruptcy on March 16.

No such filing was made. The next business day, however, the same lawyers were telling the Court in Illinois that a decision to file for bankruptcy had not yet been made.

Having been thwarted for two and one-half months, ZipWall served discovery on C&S on April 1. The answers were therefore due May 1; C&S provided none (thereby, at a minimum, waiving objections). On May 5, C&S's counsel filed a motion for leave to withdraw.

## ARGUMENT

C&S's counsel has not alleged any reasons for withdrawal. Furthermore, C&S must not be allowed to continue to delay in this action, and allowing withdrawal would leave C&S without anyone to address the Court. Plaintiff deserves a "just, speedy and inexpensive" resolution, which would not be served by granting the motion for leave to withdraw at the present time.

**I.     Legal Background**

As this Court has noted, "[a]n attorney who agrees to represent a client in a court proceeding assumes a responsibility to the court as well as to the client." Hammond v. T. J. Little & Co., 809 F. Supp. 156, 159 (D. Mass. 1992). Because mutual obligations of good faith and fair dealing are implicit in the attorney-client relationship, "[t]he professional relationship, as well as the decision to dissolve it, must be guided, and in some instances is governed by, the

court's rules of professional conduct and by the canons and rules of the legal profession applicable to members of the Bar admitted to practice before the court." Id.

An attorney's motion to permissively withdraw "is a matter addressed to the discretion of the trial court." Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985) (citation omitted).

In determining whether to grant a request for withdrawal, this Court has turned to the applicable state ethical rules, which provide guidance to attorneys seeking to withdraw, as well as to judges deciding whether to permit withdrawal. See, e.g., Hammond, 809 F. Supp. at 160 (referring to Massachusetts Supreme Judicial Court (S.J.C.) Rule 3:07, Disciplinary Rule 2-110(C)).

Since Hammond, Massachusetts has changed its ethical rules, although the conditions where withdrawal is required and where withdrawal is permissible are substantially the same.

An attorney *must* withdraw if:

(1) the representation will result in violation of the rules of professional conduct or other law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.

S.J.C. Rule 3:07, Mass. R. Prof. Conduct 1.16(a).

An attorney *may* withdraw if:

(1) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(2) the client has used the lawyer's services to perpetrate a crime or fraud;
(3) a client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;
(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(6) other good cause for withdrawal exists.

S.J.C. Rule 3:07, Mass. R. Prof. Conduct 1.16(b).

## II.   The Motion Should be Denied as Unsupported.

There are two predicates required in a request for permission to withdraw: (1) that withdrawal can "be accomplished without material adverse effect on the interests of the client" and (2) a justification for withdrawal as enumerated in Mass. R. Prof. Conduct 1.16(b)(1)-(6).

Here, C&S's counsel purport to provide neither.

For the first, there is no successor counsel and C&S, as a corporation, cannot represent itself *pro se*. See L.R. 83.5.2(D) ("The court will not recognize the appearance of a firm or professional corporation unless it is accompanied by the appearance of at least one (1) attorney."); see also Hasbro, Inc. v. Serafino, 966 F. Supp. 108, 110 (D. Mass. 1997) (citing to L.R. 83.5.2(D) as possibly "the tail that wags the dog" where counsel sought to withdraw for not only an individual, but also for two incorporated entities). In this circumstance, it is unclear how withdrawal could do anything but affect C&S adversely. C&S's counsel certainly does not support its motion with argument or evidence supporting this predicate for withdrawal.

For the second, C&S's counsel has stated only that there are "professional reasons." This statement is manifestly deficient to ascertain whether those differences are of the type enumerated in Rule 1.16. C&S's counsel does not make any allegations that its client has not paid attorneys' fees or otherwise has an account in arrears. Furthermore, C&S's counsel has made no allegation that it has made reasonable efforts to contact its client over time and has been unable to do so. Indeed, the Court has not been provided sufficient information to ascertain whether any professional differences even exist, much less whether they are irreconcilable or not.

C&S's counsel may be able to support a motion to withdraw, but it has not done so to date. Permitting C&S's counsel to do so in a reply brief would be unfair to ZipWall and unnecessarily burdensome. The matter may better be addressed at the upcoming scheduling conference.

### III. Granting the Motion Would Prejudice ZipWall

As explained above, ZipWall has been seeking an expeditious resolution of this matter. So far C&S has thwarted or attempted to thwart this by:

- Shifting from "patent counsel" to "litigation counsel" (and waiting for over a month after a courtesy copy of the complaint was provided to C&S to do so).

- Claiming service was not effected (an absurd claim, under the circumstances) and, apparently, an unsupportable claim under Rule 11, since it was not pled in C&S's answer and was, therefore, waived.

- Claiming lack of personal jurisdiction (untenable, in light of facts already in ZipWall's possession) and, apparently, also unsupportable under Rule 11, since it was not pled.

- Hiring local counsel (hardly a legitimate reason for delay).

- Informing the Court (falsely) that a bankruptcy filing was imminent.

- Failing to answer discovery.

- Now, seeking to withdraw legal counsel, without a successor.

To permit these tactics to go farther would be inconsistent with the "just, speedy and inexpensive" resolution of this action. Fed. R. Civ. P. 1.

742583.2                                    8

## CONCLUSION

ZipWall has been seeking an expeditious resolution of this dispute, in light of C&S's targeting of ZipWall's customers and the risks imposed by price erosion. ZipWall respectfully requests that the issue of withdrawal be taken up at the June 9 scheduling conference, together with the issues of schedule and C&S's failure to answer discovery by the deadline imposed under the Federal Rules of Civil Procedure.

Respectfully submitted,

ZIPWALL, LLC

May 17, 2004                        by: _____
                                        Matthew B. Lowrie, BBO No. 563,414
                                        Aaron W. Moore, BBO No. 638,076
                                        Lowrie, Lando & Anastasi, LLP
                                        Riverfront Office Park
                                        One Main Street - 11th Floor
                                        Cambridge, MA 02142
                                        Tel : 617-395-7000
                                        Fax: 617-395-7070

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served by first class mail on Tina M. Traficanti, Esq., Robins, Kaplan, Miller & Ciresi L.L.P., Suite 1300, 111 Huntington Avenue, Boston, MA 02199, on this 17th day of May, 2004.

_____
Matthew B. Lowrie