IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS - BOSTON DIVISION

| | |
|---|---|
| ZIPWALL, LLC | ) |
| Plaintiff, | ) Civil Action No. 04-cv-10079 |
| v. | ) |
| | ) District Judge: Robert E. Keeton |
| C&S MANUFACTURING, INC. | ) |
| Defendant. | ) |

## REPLY TO MOTION FOR LEAVE TO WITHDRAW FROM REPRESENTATION

On May 5, 2004, Grossman & Flight, LLC (hereinafter "G&F"), and its local counsel, Robbins, Kaplan, Miller & Ciresi, LLP (hereinafter "RKM&C") (collectively "Counsel"), filed a Motion to Withdraw from their representation of C&S Manufacturing, Inc. in this action. On May 17, 2004, Plaintiff ZipWall, LLC filed its Opposition to Counsel's Motion.

Most notably, on April 26, 2004, in a patent infringement action against C&S in the Northern District of Illinois, C&S did not object to G&F's request and the Illinois Court granted G&F's Motion to Withdraw from representing C&S. (Ex. A.) The Court gave C&S 21-days to obtain new counsel and C&S complied with the Court's request, obtaining C. Jeffrey Thut, Esq., of Roach, Johnson, & Thut, 516 N. Milwaukee Ave., Libertyville, Illinois, to represent C&S in the Illinois proceeding. Counsel has no reason to doubt that C&S will likewise obtain new counsel in the present Massachusetts action. Moreover, as stated in Counsel's opening brief, C&S is represented in general legal matters by James McGee, Esq. Mr. McGee's contact information is McGee, Negele and Associates, 444 N. Cedar Lake Rd., Round Lake, IL 60073.

G&F is a newly formed law firm started in October of 2002. If forced to represent C&S, G&F will, without question, endure a substantial hardship. Counsel filed its Motion to Withdraw only <u>five weeks</u> after appearing in the case and more than a month before the Court's initial

scheduling conference. The case is still at the very early stages and, as C&S has not served any discovery, there will be no duplication of efforts on the part of C&S's new counsel.

ZipWall objects to Counsel's assertion of "professional reasons" in its request to withdraw from representing C&S. The attorney-client privilege, however, prohibits Counsel from revealing to ZipWall and the Court the specific reasons for Counsel's request to withdraw. *See* Mass. R. Prof. Conduct 1.6(a) ("A lawyer shall not reveal confidential information relating to representation of a client unless the client consents after consultation.").

Nevertheless, and without disclosing any confidential information, Counsel represents that it is seeking to withdraw pursuant to Mass. R. Prof. Conduct 1.16(b)(4) and (5) ("a lawyer may withdraw from representing a client . . . if: (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.").

ZipWall's objections to any delay that this Motion may cause is disingenuous. As represented in the Motion to Withdraw, Counsel sent a letter to C&S on April 21, 2004 informing it of the obligation to obtain new counsel within 21 days after the Court entered the Order of Withdrawal. Had ZipWall not opposed Counsel's Motion, however, the Court would have had the opportunity to rule on this Motion to Withdraw in early May, thereby requiring C&S to obtain new counsel well before the June 9 scheduling conference. Any delay is largely due to ZipWall's opposition of this Motion.[1] Moreover, as discussed above, discovery has not even begun and, thus, there is no prejudice.

---

[1] In its Opposition, ZipWall attempts to paint C&S in a bad light by referencing C&S's unrelated litigation in Illinois and by arguing that C&S has been inappropriately engaging in a series of delays. Notwithstanding the obvious irrelevancy of the unrelated Illinois litigation, C&S has not engaged in any bad faith.

2

Also, Counsel opposes ZipWall's request to orally address this matter at the scheduling conference on June 9 as Counsel believes it has presented everything relevant to the issue, within the confines of the attorney-client privilege, in the briefs. Moreover, requiring G&F to fly to Boston to address a matter that has been fully briefed would be unnecessarily burdensome, especially in light of Counsel's request to withdraw.

In sum, (1) C&S does not object to Counsel's Motion to Withdraw, (2) the Court in the Northern District of Illinois has granted G&F's Motion to Withdraw, (3) C&S has new counsel in the Illinois action, (4) G&F will incur an unreasonable financial burden in continuing this case, and (5) this case is at its inception and thus the parties will not incur any prejudice.

WHEREFORE, for the foregoing reasons, Grossman & Flight, LLC, and Robbins, Kaplan, Miller & Ciresi, LLP, hereby request the Court to grant their Motion to Withdraw From Representation of C&S Manufacturing, Inc.

Respectfully submitted,

Dated: May 25th, 2004        Signed:     _____
                                          Lee F. Grossman (Lead Counsel)
                                          Eric P. Martin
                                          Jeffrey M. Drake
                                          GROSSMAN & FLIGHT, LLC
                                          20 North Wacker Drive, Suite 4220
                                          Chicago, IL 60606
                                          Telephone: (312) 580-1020
                                          Facsimile (312) 580-9696

                                          Tina M. Traficanti (Local Counsel)
                                          Alan E. McKenna
                                          ROBINS, KAPLIN, MILLER & CIRESI, LLP
                                          111 Huntington Avenue, Suite 1300
                                          Boston, MA 02199
                                          Telephone: (617) 267-2300
                                          Facsimile: (617) 267-8288

## CERTIFICATE OF SERVICE

I hereby certify that a copy of REPLY TO MOTION FOR LEAVE TO WITHDRAW FROM REPRESENTATION has been served via facsimile and via U.S. First Class Mail, postage pre-paid, on May 25th____, 2004, to:

>Aaron W. Moore
>Matthew B. Lowrie
>Lowrie, Lando & Anastasi, LLP
>Riverfront Office Park
>One Main Street
>Cambridge, MA  02142
>Facsimile: (617) 395-7070

_____
Attorney for Defendant.